**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1326
_____

HEATHER BIRD,
                                    Appellant
v.

BOROUGH OF MOOSIC; MAYOR JAMES SEGILIA, Individually
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:20-cv-00337)
Magistrate Judge: Honorable Joseph F. Saporito, Jr.
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 30, 2021.

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: September 30, 2021 )
_____

**OPINION**[*]
_____

BIBAS, *Circuit Judge*.

Federal litigants must wait for their disputes to ripen. Sue too soon, and a controversy

may be speculative or premature. Heather Bird sued the Mayor and Borough of Moosic,

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

Pennsylvania, before it had finalized its denial of her benefits. Because her claim is unripe, we will affirm the District Court's dismissal.

Bird, a part-time police officer for the Burrough, was injured on the job. She applied for benefits under Pennsylvania's Heart and Lung Act, 53 Pa. Cons. Stat. § 637. The Mayor rejected her application without notice or a hearing.

Bird sued under 42 U.S.C. § 1983, claiming that the Borough had deprived her of due process. Two days later, the Borough appointed a hearing officer and scheduled a hearing. The officer decided that because Bird was a part-time employee, she was not eligible for benefits. The Borough Council never considered or formally adopted that decision. When the District Court discovered that the Council had not yet closed her case, it dismissed her suit as unripe. Now Bird appeals.

Bird argues that the District Court erred in raising ripeness on its own. But federal courts cannot exercise jurisdiction before there is a "real, substantial controversy between [the] parties." *Peachlum v. City of York*, 333 F.3d 429, 433–34 (3d Cir. 2003) (internal quotation marks omitted) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). Courts have a duty to raise ripeness issues even when the parties do not. *Id.* at 433. We review de novo. *Marathon Petroleum Corp. v. Sec'y of Fin.*, 876 F.3d 481, 488 n.9 (3d Cir. 2017).

Administrative action is generally unripe until it is final. *CEC Energy Co. v. Pub. Serv. Comm'n of V.I.*, 891 F.2d 1107, 1109 (3d Cir. 1989) (citing *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148 (1967)). The finality of the Borough's administrative action is governed by the Pennsylvania Borough Code, which says that administrative authority may be delegated

2

"if authority for the action was previously given or if the action is subsequently ratified" by the Borough Council. 8 Pa. Cons. Stat. § 1006(4); *see also Mendez v. City of Phila.*, 2017 WL 3259813, at *6 (Pa. Commw. Ct. Aug. 1, 2017) (looking to municipal procedures to determine finality). The Moosic Council apparently ratifies decisions by its hearing officers. *See* Moosic, Pa., Res. No. 6 of 2021. Because the Council has not done that here, Bird's case is not ripe, and the District Court lacked jurisdiction. We will thus affirm the District Court's dismissal.